**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Alexandria Division)**

| | | |
|---|---|---|
| DOUGLAS STEINER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-01600 |
| | ) | (AJT/WEF) |
| LATANYA D. MCDADE, ED. D., ET AL., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS**
**PURSUANT TO RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE**

LaTanya D. McDade, Ed.D., Corey Harris, Kathy M. Erickson, Lauren R. Tyree, Natalie

K. Baker, Cesar F. Maisonet, Jerri Piacesi, and Prince William County School Board (on behalf

of Defendants Benton Middle School and Prince William County School District)

("Defendants"), by counsel, state as follows in support of their Motion to Dismiss pursuant to

Rule 37 of the Federal Rules of Civil Procedure.

**Preliminary Statement and Background**

The grounds for this Motion are not complex. Plaintiff Douglas Steiner ("Mr. Steiner")

has wholly failed to comply with any and all of his discovery obligations in this action.

Specifically, he has failed to respond to any of the discovery propounded upon him, and has

failed to make initial disclosures pursuant to Rule 26 and this Court's scheduling order.

Plaintiff's complete inaction effectively deprives Defendants of the information necessary to

defend this action.

This Court authorized discovery to commence on November 24, 2025. (Dkt. 8.)

Defendant McDade issued discovery, including interrogatories and requests for production, to

Mr. Steiner on December 10, 2025, and Mr. Steiner has provided no objections or responses to these requests. (Ex. A.)[1] In addition, the Court's Scheduling Order required the parties to complete disclosures under Rule 26(a)(1) by January 7, 2025 [sic],[2] but Mr. Steiner has provided no Rule 26(a)(1) initial disclosures. (Dkt. 12 ¶ 3.) On January 13, 2026, Defendants' counsel emailed counsel for Mr. Steiner requesting to meet and confer regarding Mr. Steiner's failure to provide discovery responses or initial disclosures. (Ex. B.) After receiving no response, Defendants' counsel called and left a voicemail for Mr. Steiner's counsel on January 21, 2026, and to date have received no response, leading to the instant Motion.

This Court is empowered to sanction Mr. Steiner for his failure to participate in discovery. Given that Mr. Steiner's lack of response is consistent with his documented failure to otherwise participate in this action (i.e., failure to respond to Defendants' Motion to Dismiss), dismissal is the appropriate sanction here.

### Argument

Rule 37 of the Federal Rules of Civil Procedure guides the analysis where, as here, a party has completely failed to respond to discovery and provide initial disclosures. It provides in relevant part that "[t]he court where the action is pending may, on motion, order sanctions if . . . a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response." Fed. R. Civ. Pr. 37(d)(1)(A)(ii). Similarly, "[i]f a party fails to make a disclosure required by Rule 26(a), any

---

[1] The parties had agreed to service of discovery by electronic means in the joint discovery plan submitted on December 9, 2025. (Dkt. 11 § IV.A.)

[2] The parties' Joint Discovery Plan proposed initial disclosure completion by January 7, 2026. (Dkt. 11 ¶ II.A.) The reference to January 7, 2025 in the Scheduling Order is obviously a typographical error that did not account for the impending new year. This did not, in any event, affect the January 7, 2026 due date for initial disclosures. Fed. R. Civ. Pr. 26(a)(1)(C) ("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order . . . .").

other party may move to compel disclosure and for appropriate sanctions." Fed. R. Civ. Pr. 37(a)(3)(A). Sanctions may include, *inter alia*, "dismissing the action or proceeding in whole or in part[.]" Fed. R. Civ. Pr. 37(b)(2)(A)(v); 37(c)(1)(C); 37(d)(3).

The Fourth Circuit has developed a four-part test for courts contemplating Rule 37 sanctions; "[t]he court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective." *Anderson v. Foundation for Advancement, Educ. & Employment of Am. Indians*, 155 F.3d 500, 504 (4th Cir. 1998). This test is "virtually identical" to the test under Rule 41 courts utilize when considering whether to dismiss an action for failure to prosecute. *Potter v. SunTrust Bank*, 2015 U.S. Dist. LEXIS 115877, at *4-5 (E.D. Va. Aug. 31, 2015) ("A virtually identical test applies to dismissal pursuant to Rule 41, whereby a court must consider: (1) the degree of the plaintiff's personal responsibility for the failure to comply; (2) the prejudice caused to the defendant; (3) the plaintiff's history of deliberately proceeding in a dilatory fashion; and (4) the availability of a less drastic sanction."). And importantly, the Fourth Circuit has not mandated that a party be given prior warning of dismissal in all circumstances. As it has explained, the

> contention that a clear and explicit warning of dismissal must always be given is not supported by any specific authority. To be sure, giving notice is an aspect of fairness in procedure that might relate to the ultimate fairness of imposing any sanction. But it is not a rubric to be applied mechanically. Federal Rule of Civil Procedure 37, on which Rangarajan relies, imposes no such requirement, and *Hathcock v. Navistar International Transportation Corp.*, 53 F.3d 36 (4th Cir. 1995), on which she also relies, did not mandate it in every situation. In *Hathcock*, we recognized the "significance of warning a defendant about the possibility of default before entering such a harsh sanction" in circumstances where the district court had entered a default judgment for the defendant's failure to follow general scheduling orders. *Id.* at 40. But a warning was not held to be a necessary element for imposing a Rule 37 sanction. Rather, the lack of warning was a deficiency reflecting on the district court's exercise of discretion in selecting a particular sanction for violating the court's general scheduling orders.

3

*Rangarajan v. Johns Hopkins Univ.*, 917 F.3d 218, 225-26 (4th Cir. 2019). Defendants submit that the analysis weighs in favor of dismissal here.

After filing his Complaint, Mr. Steiner has not materially participated in this litigation. He failed to respond to Defendants' Motion to Dismiss (currently under advisement, see Dkt. 13), and has failed to respond to discovery or provide Rule 26(a) initial disclosures. "The failure to comply with the basic rules of discovery will often be seen as evidence at least some degree of bad faith." *First Am. Title Ins. Co. v. Borniva*, 2023 U.S. Dist. LEXIS 25683, at *8 (D. Md. Feb. 13, 2023). *See also McFeely v. Jackson Street Entm't, LLC*, 2014 U.S. Dist. LEXIS 114767, at *5 (D. Md. Aug. 19, 2014) ("Ms. Gray's complete unresponsiveness in this case, without any justification or excuse, is enough to presume bad faith."). Particularly given that Defendants' counsel has attempted to engage Plaintiff's counsel on the issue of discovery responses, that lack of response plainly is not the result of inadvertence.

Defendants submit that Mr. Steiner's failure to adhere to basic discovery rules here, coupled with his failure to respond in any fashion to Defendants' Motion to Dismiss, evinces bad faith. The circumstances are akin to those in *Doggett v. City of Hyattsville*, 2014 U.S. Dist. LEXIS 161030, at *7-8 (D. Md. Nov. 17, 2014), wherein a plaintiff, other than appearing for a telephone status conference, had "not meaningfully participated in his case." Where, *inter alia*, the plaintiff filed no response to a motion to dismiss and failed to respond to discovery, the court held that "Doggett has thus repeatedly refused to participate in a lawsuit that he himself initiated, a refusal that amounts to bad faith." *Id.* at *8. A similar conclusion is warranted here.

Mr. Steiner's failure to respond to discovery in any fashion is unquestionably prejudicial to Defendants. As one court put it where a plaintiff failed to respond to discovery,

> Plaintiff's failure to participate in the case has clearly prejudiced Defendant. There has been no discovery as a result of Plaintiff's unresponsiveness, and it cannot be disputed that plaintiff's failure to answer even a single interrogatory precludes defendant from preparing a defense. The purpose of pre-trial discovery is for a

> litigating attorney to obtain information from the opposing party, information which in many cases is not otherwise available. Without such information as a result of a plaintiff's lack of participation, where there is no discovery, and the amount of prejudice to a defendant is substantial. Because interrogatories have not been answered, effectively halting discovery, Defendant has been substantially prejudiced.

*Allen v. One Stop Staffing, LLC*, 2021 U.S. Dist. LEXIS 179852, at *6-7 (D. Md. Sept. 21, 2021) (cleaned up), adopted as modified, 2021 U.S. Dist. LEXIS 258554 (D. Md. Oct. 13, 2021). So too here. Mr. Steiner's wholesale failure to engage in discovery prejudices Defendants' ability to prepare their case with the discovery period closing on April 10, 2026, in just two months' time. (Dkt. 12 ¶ 1.) And it prejudices Defendants because "when a party files a lawsuit, but then fails to participate in it . . . that party creates a substantial burden for the opposing party and the Court." *Spencer v. Hutchens*, 471 F.Supp.2d 548, 555 (M.D.N.C. 2006). Where, as here, a plaintiff "simply has lost interest in the lawsuit. . . . requiring the opposing party to continue to act as if there is a live controversy in front of it is tantamount to letting the non-interested party punish the interested party through the imposition of the expensive costs of litigation." *Id.*

The need to deter such conduct is self-evident. A party should not be permitted to file a lawsuit and then refuse to participate in it. *See, e.g.*, *Allen*, 2021 U.S. Dist. LEXIS 179852, at *7-8 ("Certainly, the Court aims to deter blatant inaction. 'There is a need for deterrence in cases where a party has brought the case to a significant standstill through failure to participate in discovery.'" (quoting *Doggett*, 2014 U.S. Dist. LEXIS 161030, at *9).

Finally, given that Mr. Steiner has failed to respond to Defendants' Motion to Dismiss, let alone provide discovery responses, there is no basis for concluding that less drastic sanctions would achieve the desired effect. "[I]n situations such as this one, where one party has brought the case to a halt through a failure to participate in discovery, the other relevant sanctions available under Rule 37 are a poor fit because their effectiveness depends on the lawsuit moving forward." *Doggett*, 2014 U.S. Dist. LEXIS 161030, at *10.

5

Rule 37 gives this Court the authority to sanction Mr. Steiner by dismissing his action, and it itself provides notice that dismissal is a possibility for failure to respond to discovery. *See Consumer Fin. Prot. Bureau v. Nexus Servs.*, 156 F.4th 443, 456 n.10 (4th Cir. 2025) ("The Nexus defendants inanely suggest that, prior to imposing the sanction of default judgment, the district court was required to explicitly warn them that noncompliance with prior court orders could result in default. But our precedent directly refutes this contention. Instead, we have recognized that an explicit warning is not always necessary because a party is already put on notice of the possibility of default by the terms of Federal Rule of Civil Procedure 37." (cleaned up)). In a situation where a plaintiff has failed to respond to one dispositive motion already and failed to engage in discovery, no additional preemptive warning of dismissal is necessary. Insofar as this Court believes a lesser sanction or prior express warning of dismissal is warranted however, Defendants request in the alternative that Mr. Steiner be ordered to provide full and complete discovery responses and initial disclosures, without objection, and that Mr. Steiner be ordered to pay Defendants' reasonable expenses, including attorneys' fees, caused by his failure to provide discovery responses and initial disclosures in this action. Fed. R. Civ. Pr. 37(b)(2)(C), 37(c)(1)(A), 37(d)(3).

## Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss should be granted and Mr. Steiner's Complaint should be dismissed with prejudice.

Respectfully submitted,

LATANYA D. MCDADE, ED.D.,
COREY HARRIS,
KATHY M. ERICKSON,
LAUREN R.TYREE,
NATALIE K. BAKER,
CESAR F. MAISONET,
JERRI PIACESI, AND
PRINCE WILLIAM

6

COUNTY SCHOOL BOARD
(ON BEHALF OF BENTON MIDDLE
SCHOOL AND PRINCE WILLIAM
COUNTY SCHOOL DISTRICT)

By Counsel

Date: February 9, 2026

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
(703) 691-3913 (facsimile)

By:    /s/ Ian J. McElhaney
      John F. Cafferky, VSB No. 26179
      jcafferky@bklawva.com
      Michael K. Kim, VSB No. 82922
      mkim@bklawva.com
      Ian J. McElhaney, VSB No. 94888
      imcelhaney@bklawva.com
      *Counsel for LaTanya D. McDade, Ed.D., Corey Harris,*
      *Kathy M. Erickson, Lauren R. Tyree, Natalie K. Baker,*
      *Cesar F. Maisonet, Jerri Piacesi, and Prince William*
      *County School Board (on behalf of Benton Middle*
      *School and Prince William County School District)*

7

## CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of February 2026, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

> James Bowman, Esquire
> LEXTAS LAW
> 10221 Krause Road, #474
> Chesterfield, VA 23832
>  jim@lextas.com
> *Counsel for Plaintiff*

>  /s/ Ian J. McElhaney
> Ian J. McElhaney, VSB No. 94888
> BLANKINGSHIP & KEITH, P.C.
> 4020 University Drive, Suite 300
> Fairfax, Virginia 22030
> Phone: 703-691-1235
> Fax: 703-691-3913
> imcelhaney@bklawva.com
>  *Counsel for LaTanya D. McDade, Ed.D.,*
>  *Corey Harris, Kathy M. Erickson,*
>  *Lauren R. Tyree, Natalie K. Baker,*
>  *Cesar F. Maisonet, Jerri Piacesi, and*
>  *Prince William County School Board (on*
>  *behalf of Benton Middle School and*
>  *Prince William County School District)*