# EXHIBIT A

| | |
|---|---|
| **From:** | Anne M. Gabler |
| **To:** | jim@lextas.com |
| **Cc:** | Ian McElhaney; John Cafferky; Michael Kim |
| **Subject:** | Douglas Steiner v. Latanya D. McDade, E.D., et al., 1:25-cv-01600 (AJT/WEF) - Discovery Requests |
| **Date:** | Wednesday, December 10, 2025 4:38:54 PM |
| **Attachments:** | 2025-12-10-McDade"s ROG-1st to P.pdf |
| | 2025-12-10-McDade"s RFPD-1st to Pl.pdf |

Dear Mr. Bowman:

Attached please find the following:

- Defendant Latanya D. McDade's First Set of Requests for Production of Documents to Plaintiff; and
- Defendant Latanya D. McDade's First Set of Interrogatories to Plaintiff.

Thank you,

Anne

**Anne M. Gabler**
Legal Assistant to John A.C. Keith,
Wm. Quinton Robinson, Michael K. Kim,
and Jakob T. Stalnaker



Blankingship & Keith, PC



Blankingship & Keith, PC
4020 University Drive, Suite 300 ¦ Fairfax, VA 22030
tel (703) 691-1235
fax (703) 691-3913

**website** | **vCard** | **map** | **email**

Please be advised that a portion of this firm practices debt collection and we may be attempting to collect a debt. Any information obtained will be used for that purpose. The information contained in this email is information intended only for the use of the individual or entity named above and may be privileged and confidential pursuant to the attorney-client privilege and/or the attorney work-product doctrine. If the reader of this message is not the intended recipient, or the employee or agent responsible for delivering it to the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this communication in error, you should immediately contact the sender by reply email or by telephone at 703-691-1235, and delete the original message. Thank you. Blankingship & Keith, P.C.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Alexandria Division)

DOUGLAS STEINER,           )
                               )
       Plaintiff,            )
                               )
v.                           )       Case No. 1:25-cv-01600
                               )       (AJT/WEF)
LATANYA D. MCDADE, ED. D., ET AL.,  )
                               )
       Defendants.         )

### DEFENDANT LATANYA D. MCDADE, E.D.'S
### FIRST SET OF INTERROGATORIES TO PLAINTIFF

COMES NOW Defendant LaTanya D. McDade, E.D. ("Dr. McDade"), by counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure, propounds the following interrogatories to Plaintiff Douglas Steiner ("Mr. Steiner") to be answered under oath within thirty (30) days.

### Definitions

A.     The terms "you," "your," "Plaintiff," and "Mr. Steiner" shall refer to Plaintiff Douglas Steiner and any of his agents, representatives, or other persons who can be required by him to furnish information in this action, including persons acting on his behalf in the investigation and preparation of this action.

B.     The term "Defendants" shall refer to Benton Middle School, Prince William County School District, Corey Harris, Kathy Erickson, Lauren Tyree, Natalie Baker, Cesar Maisonet, Jerri Piacesi, and Dr. McDade.

C.     The term "Complaint" shall refer to the Complaint filed by you against Defendants in this action.

D.      The term "Modification Proceedings" shall refer to the modification proceedings referenced in paragraph 3 of your Complaint.

E.      The term "identify" means to describe the event, person, document, or idea in question in full, including (for events) the time, date, place, circumstances, and persons involved and (for persons) the names, positions or relationships to you, addresses, and telephone numbers, whether or not the interrogatory specifically asks for this information.

F.      The term "person(s)" means any natural individual, corporation, partnership, sole proprietorship, trust, and/or other business entity.

G.      The term "communication" means any written, electronic, or oral communications, including, but not limited to, telephone conversations, face-to-face conversations, meetings, letters, memoranda, notes, emails, and text messages.

H.      The term "document(s)" includes all matter that is printed, written, typed, recorded, photocopied, photographed, or otherwise put in a form that allows for its preservation. It is any writing or records, including, but not limited to, a letter, memorandum, email, text messages, report, record, study, interoffice or intra office communication, handwritten or other note, record of telephone conversation, transcription or note, draft, chart, paper, photograph, data sheet or data processing card, computer printout, or other electronic record or matter or communication, however, produced or reproduced, to which you have access.

**Instructions**

I.      When answering each interrogatory, please restate the interrogatory followed immediately by your response to each interrogatory.

J.      If, in responding to any of these interrogatories, you encounter any ambiguity in construing either the interrogatory or definition or instruction relevant to it, please set forth the matter you deem ambiguous and the construction you have selected or used in responding.

2

K.      Whenever any interrogatory calls for information claimed by you to be privileged or otherwise protected from disclosure, please make the claim expressly and describe the nature of the documents, communications, or things not produced or described in a manner that, without revealing information you claim to be privileged or protected, will enable Dr. McDade to assess the applicability of the privilege or other asserted protection.

L.      If any information is withheld based on another objection, state with particularity the nature and basis for the objection.

M.      These interrogatories are continuing pursuant to Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure and require you to file promptly any supplemental answers if you obtain further or different information at a later time prior to the close of discovery or trial.

**Interrogatories**

1.      Identify each person whom you expect to offer expert testimony in this case; state his or her area of expertise along with a summary of his or her qualifications; state the subject matter on which he or she is expected to testify; and state the substance of the facts and opinions to which he or she is expected to testify, along with a summary of the grounds for each opinion.

**ANSWER:**


2.      Identify each person known or believed by you to have discoverable information relating to your claims that Defendants violated your constitutional rights, violated the Individuals with Disabilities Education Act, were negligent *per se*, intentionally inflicted emotional distress upon you, or relating to any damages that you seek to recover in this action.

**ANSWER:**

3.      Describe and itemize the nature and amount of each of your claims for damages (including past, continuing, and future damages; lost wages; salary; employment benefits; other compensation; emotional distress; damages to reputation; punitive damages; and attorneys' fees and costs, if any) that you seek to recover in this action, including the method used to calculate each item of damages if such method would not be self-evident from the details provided.

**ANSWER:**


4.      Identify and describe every act attributable to each Defendant that you contend constituted a violation of your constitutional rights for which you seek to recover damages from Defendants in this case.

**ANSWER:**


5.      Identify and describe every act attributable to each Defendant that you contend constituted a violation of the Individuals with Disabilities Education Act for which you seek to recover damages from Defendants in this case.

**ANSWER:**


6.      Identify and describe every act attributable to each Defendant that you contend constituted negligence *per se* for which you seek to recover damages from Defendants in this case.

**ANSWER:**

7. Identify and describe every act attributable to each Defendant that you contend constituted intentional infliction of emotional distress upon you for which you seek to recover damages from Defendants in this case.

**ANSWER:**

8. Identify each medical provider, mental health provider or therapist, physical therapist, or other professional health care provider or counselor whom you have seen or consulted for emotional distress, mental anguish, stress-related health complications, or corneal ulcers from January 1, 2021 to present.

**ANSWER:**

9. Have any of the Defendants, or any agent of any of the Defendants, made any statement to you, a family member, or anyone else acting on your behalf that you contend is an admission of liability? If your answer is "Yes," please identify the person making each statement and as to each statement, state the content of the statement, when and where the statement was made, to whom it was made, whether anyone else was present, and your interpretation of how this statement admits fault.

**ANSWER:**

10. Identify all in-court proceedings in the Modification Proceedings. For each proceeding identified, describe in detail what took place at each proceeding, including a description of any evidence presented at any evidentiary hearing identified.

**ANSWER:**

11.     Identify and describe fully the factual basis for your allegation in paragraph 15 of your Complaint that "Defendants knowingly disregarded [the custody order's] terms by allowing the mother to exceed her legal authority in matters concerning the child's education." As part of your answer, identify each and every term of the custody order you believe Defendants disregarded and describe each instance where you believe a term was disregarded.

**ANSWER:**

12.     Identify and describe fully the factual basis for your allegation in paragraph 25 of your Complaint that "Plaintiff was excluded from key discussions about his child's education, despite being the only parent legally authorized to participate."

**ANSWER:**

13.     Identify each instance you provided a copy of the custody order to Defendants as alleged in paragraph 15 of your Complaint.

**ANSWER:**

14.     Identify the attorney referred to in paragraph 18 of the Complaint.

**ANSWER:**

15.     Identify and describe fully all communications between you and the attorney identified in paragraph 18 of the Complaint.

**ANSWER:**

Respectfully submitted,

LATANYA D. MCDADE, ED.D.
By Counsel

Date: December 10, 2025

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
(703) 691-3913 (facsimile)

By:   /s/ Ian J. McElhaney
        John F. Cafferky, VSB No. 26179
        jcafferky@bklawva.com
        Michael K. Kim, VSB No. 82922
        mkim@bklawva.com
        Ian J. McElhaney, VSB No. 94888
        imcelhaney@bklawva.com
        *Counsel for LaTanya D. McDade, Ed.D., Corey Harris,*
        *Kathy M. Erickson, Lauren R. Tyree, Natalie K. Baker,*
        *Cesar F. Maisonet, Jerri Piacesi, and Prince William*
        *County School Board (on behalf of Benton Middle*
        *School and Prince William County School District)*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 10th day of December 2025, I will email the foregoing pursuant to the parties' Joint Discovery Plan, to:

> James Bowman, Esquire
> LEXTAS LAW
> 10221 Krause Road, #474
> Chesterfield, VA 23832
> jim@lextas.com
> *Counsel for Plaintiff*

 /s/ Ian J. McElhaney
Ian J. McElhaney, VSB No. 94888
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Phone: 703-691-1235
Fax: 703-691-3913
imcelhaney@bklawva.com
  *Counsel for LaTanya D. McDade, Ed.D.,*
  *Corey Harris, Kathy M. Erickson, Lauren*
  *R. Tyree, Natalie K. Baker,*
  *Cesar F. Maisonet, Jerri Piacesi, and*
  *Prince William County School Board (on*
  *behalf of Benton Middle School and*
  *Prince William County School District)*

DOUGLAS STEINER, )
)
    Plaintiff, )
)
v. )    Case No. 1:25-cv-01600
)    (AJT/WEF)
LATANYA D. MCDADE, ED. D., ET AL., )
)
    Defendants. )

**DEFENDANT'S LATANYA D. MCDADE, E.D.'S FIRST SET OF
REQUESTS FOR THE PRODUCTION OF DOCUMENTS TO PLAINTIFF**

COMES NOW LaTanya D. McDade, E.D. ("Dr. McDade"), by counsel, and, pursuant to

Rule 34 of the Federal Rules of Civil Procedure, requests that Plaintiff Douglas Steiner ("Mr.

Steiner") respond in writing to Defendant's First Set of Requests for the Production of

Documents and produce all responsive documents at the law offices of Blankingship & Keith,

P.C., 4020 University Drive, Suite 300, Fairfax, Virginia, 22030, within 30 days of service.

**Definitions**

A.    The terms "you," "your," "Plaintiff," or "Mr. Steiner" shall refer to Plaintiff

Douglas Steiner and any of his agents, representatives, or other persons who can be required by

him to furnish information in this action, including persons acting on his behalf in the

investigation and preparation of this action.

B.    The term "Defendants" shall refer to Benton Middle School, Prince William

County School District, Corey Harris, Kathy Erickson, Lauren Tyree, Natalie Baker, Cesar

Maisonet, Jerri Piacesi, and Dr. McDade.

C.    The term "Complaint" shall refer to the Complaint filed by you against

Defendants in this action.

D.      The term "Modification Proceedings" shall refer to the modification proceedings referenced in paragraph 3 of your Complaint.

E.      The term "person(s)" means any natural individual, corporation, partnership, sole proprietorship, trust, and/or other business entity.

F.      The term "communication" means any written, electronic, or oral communications, including, but not limited to, telephone conversations, face-to-face conversations, meetings, letters, memoranda, notes, emails, and text messages.

G.      The term "document(s)" includes all matter that is printed, written, typed, recorded, photocopied, photographed, or otherwise put in a form that allows for its preservation. It is any writing or records, including, but not limited to, a letter, memorandum, email, text messages, report, record, study, interoffice or intra office communication, handwritten or other note, record of telephone conversation, transcription or note, draft, chart, paper, photograph, data sheet or data processing card, computer printout, or other electronic record or matter or communication, however, produced or reproduced, to which you have access.

**Instructions**

H.      Please restate each Request in your written response, followed immediately by your response to each Request.

I.      These Requests call for all responsive documents in your possession, custody, or control, including, but not limited to, documents in the possession of your employees, attorneys or agents.

J.      If, in responding to any of these Requests, you encounter any ambiguity in construing either the Request or a definition or instruction relevant to it, set forth the matter deemed ambiguous and the construction selected or used in responding to the Request.

K.      Whenever a Request calls for production of a document or non-written communication claimed by you to be privileged, then, only if required by the Parties' Joint Discovery Plan, please state the type of communication; the date or dates of the communication; the name, position, and the address of each person who participated in the communication, to whom the communication was addressed, or to whom the communication or the contents thereof have been communicated by any means; the general subject matter of the communication; and the basis or bases for the claim of privilege.

L.      If your refusal to produce a document is premised upon a claim of undue burden, state in detail the reason for your objection including the number and nature of documents needed to be searched, the location of the documents, and the number of person hours and costs required to conduct the search, as well as the identity of the individual consulted with respect to the answers to these questions.

M.      If any information is withheld based on another objection, state with particularity the nature and complete factual basis for the objection.

N.      These Requests are continuing pursuant to Rule 26(e)(1)(A) of the Federal Rules of Civil Procedure and require you to file promptly supplemental answers if you obtain further or different information at a later time prior to trial.

**<u>Requests for Production of Documents</u>**

1.      A copy of any complaint and any supporting documentation filed by you against Prince William County Public Schools or the Prince William County School Board with the Virginia Department of Education, the U.S. Department of Education, or any other federal, state, or local administrative agency, including the complaints referenced in paragraph 19 of the Complaint.

2. All communications with the Virginia Department of Education, the U.S. Department of Education, or any other federal, state, or local administrative agency relating to your child.

3. All communications relating to your child's IEP(s) from January 1, 2023 to present.

4. Your child's IEP(s) and any amendments thereto from January 1, 2023 to present.

5. All communications with any representative or employee of Prince William County Public Schools relating to the custody order referenced in paragraph 13 of your Complaint.

6. All communications with your child's mother relating to the custody order referenced in paragraph 13 of your Complaint.

7. All communications with any representative or employee of Prince William County Public Schools relating to your child's mother from January 1, 2023 to present.

8. All documents or communications relating to the attempted emotional and IQ testing of your child alleged in paragraph 17 of your Complaint.

9. All documents filed in the Modification Proceedings.

10. All hearing or deposition transcripts from the Modification Proceedings.

11. All legal bills or legal invoices related to the Modification Proceedings.

12. All notes, diaries, journals, or other recorded material prepared by you relating to the events described in the Complaint.

13. All documents on which you base any contention that Defendants violated your constitutional rights.

14. All documents on which you base any contention that Defendants violated the Individuals with Disabilities Education Act.

4

15. All documents on which you base any contention that Defendants were negligent per se.

16. All documents on which you base any contention that Defendants intentionally inflicted emotional distress upon you.

17. All documents and communications relating to the "key discussions" about your child's education from which you were excluded as alleged in paragraph 25(b) of the Complaint.

18. Documents sufficient to show all damages or other forms of relief that you seek to recover in this action for injuries or damages personal to you.

19. All of your medical records with any provider identified in your answer to Interrogatory No. 8 from January 1, 2021 to present.

20. If you contend that Defendants are responsible for medical expenses, all bills or invoices relating to your contention.

21. If you contend that Defendants are responsible for attorneys' fees incurred in this action, all bills or invoices relating to your contention.

22. All documents relating to your claim of punitive damages.

23. A copy of the most recent curriculum vitae of any expert witness retained by you to testify in this action.

24. All documents that relate to any opinion of any expert witness designated by you to testify in this action, including all reports, analyses, and statements prepared by expert witnesses for this action, all documents that any expert witness has received or reviewed in forming opinions in this action, and a statement of the time and expenses the expert witness has submitted to you in connection with this action.

25. All other documents identified or described in your Complaint.

26. All other documents identified or described in your Rule 26(a)(1) disclosures.

27.    All other documents identified or described in your answers to any interrogatories propounded upon you in this action.

Respectfully submitted,

LATANYA D. MCDADE, ED.D.,
By Counsel

Date: December 10, 2025

BLANKINGSHIP & KEITH, P. C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
(703) 691-1235 (telephone)
(703) 691-3913 (facsimile)

By:    /s/ Ian J. McElhaney
        John F. Cafferky, VSB No. 26179
         jcafferky@bklawva.com
        Michael K. Kim, VSB No. 82922
         mkim@bklawva.com
        Ian J. McElhaney, VSB No. 94888
         imcelhaney@bklawva.com
        *Counsel for LaTanya D. McDade, Ed.D., Corey Harris,*
        *Kathy M. Erickson, Lauren R. Tyree, Natalie K. Baker,*
        *Cesar F. Maisonet, Jerri Piacesi, and Prince William*
        *County School Board (on behalf of Benton Middle*
        *School and Prince William County School District)*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on this 10th day of December 2025, I will email the foregoing pursuant to the parties' Joint Discovery Plan, to:

James Bowman, Esquire
LEXTAS LAW
10221 Krause Road, #474
Chesterfield, VA 23832
 jim@lextas.com
*Counsel for Plaintiff*

  /s/ Ian J. McElhaney
Ian J. McElhaney, VSB No. 94888
BLANKINGSHIP & KEITH, P.C.
4020 University Drive, Suite 300
Fairfax, Virginia 22030
Phone: 703-691-1235
Fax: 703-691-3913
imcelhaney@bklawva.com
 *Counsel for LaTanya D. McDade, Ed.D.,*
 *Corey Harris, Kathy M. Erickson, Lauren*
 *R. Tyree, Natalie K. Baker,*
 *Cesar F. Maisonet, Jerri Piacesi, and*
 *Prince William County School Board (on*
 *behalf of Benton Middle School and*
 *Prince William County School District)*